FILED

2006 Mar-07  AM 08:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

AMARD MARTIN,

      Plaintiff,

v.                                    CASE NO.: CV-06-J-199-NE

BRIAN HILL,

      Defendant.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for partial dismissal/alternative motion for summary judgment (doc. 3) and a brief in support of said motion (doc. 4) which the court has considered as a motion for partial summary judgment pursuant to Rule 12 (b)(6), Federal Rules of Civil Procedure and allowed the parties additional time to submit additional evidence and/or pleadings in support of or in opposition to said motion.  The plaintiff filed a response to defendant's motion (docs. 8 and 10)[1] and a motion to file amended complaint or a motion to remand (doc. 9).   The defendant thereafter filed a reply to plaintiff's response (doc. 11).  The court has considered all of the pleadings, evidence and other submissions.

---

[1]Although filed separately, documents 8 and 10 appear to be identical, except that document 8 contains the first three pages of plaintiff's Exhibit 2, while document 10 contains the remaining five pages of said exhibit.

For purposes of this motion, the court considers the facts in the light most favorable to the plaintiff.

## FACTUAL BACKGROUND

The plaintiff is a deputy sheriff with the Lawrence County, Alabama, Sheriff's office.  Defendant is the Lawrence County Sheriff, sued in his official and individual capacities.  The plaintiff began working as a deputy sheriff for Lawrence County in April 1996.  He applied for a vacant position on the Lawrence County Drug Task Force based on an announcement dated January 20, 2004.[2]  The plaintiff alleges he and three white individuals applied for the vacancy.  During an interview with the Selection Board, Jerry Fuller, head of the Task Force, told plaintiff he was the first choice, but defendant wanted a white male with less experience to fill the vacancy.

The Board then voted on the candidates, and plaintiff and the white male favored by defendant each received the same number of votes.  Thereafter, plaintiff's name was selected to break the tie.  The plaintiff alleges that the defendant told him he would give a white individual a raise for the Task Force, but the plaintiff would receive a reduction in pay.  Plaintiff further asserts that white males were given non-

---

[2]Although the plaintiff refers to the Task Force positions as a promotion, the court has no evidence before it to support the allegation that a Task Force position would be a promotion from a rank of Sergeant as a deputy sheriff.

2

competitive promotions to the task force and pay raises, depriving him of the opportunities to compete for those positions.[3]

The plaintiff was ultimately promoted to the task force on June 24, 2004, but complains that his salary and rank were reduced.  Three months later, his salary was restored.  The following year, the plaintiff received another raise but complains that a white task force member received greater increases than he did.

Based on the above set of facts, the plaintiff filed suit in the Circuit Court of Lawrence County, Alabama, alleging state law claims for breach of contract based on the Lawrence County Personnel Handbook; violation of his due process rights pursuant to the Fifth and Fourteenth Amendment;[4] violation of his equal protection rights; and a request for declaratory relief.[5]  The defendant removed the case to this court based on 28 U.S.C. § 1331, and filed the current motion and memorandum in support of said motion.

---

[3]The plaintiff also complains that a black individual was more qualified for the position of Head of the Drug Task Force than Jerry Fuller.  The court does not need to consider this claim, as the black individual in question, Will Jones, is not before this court, and the plaintiff may not vindicate Mr. Jones' rights for him.

[4]Any Constitutional rights relevant to the facts of this case could only arise from the Fourteenth Amendment.  The court will dismiss any claim of the plaintiff alleged under the Fifth Amendment, as only state actions are alleged.  The plaintiff also makes passing reference to the Fourth Amendment in his complaint.  As this amendment is not relevant to any allegations before this court, the court will dismiss any claim the plaintiff is attempting to state under the Fourth Amendment.

[5]The plaintiff does not state a per se claim for race discrimination.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.

Civ.Pro. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro.  56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249.  The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v.  Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970).  The substantive law will identify which facts are material and which are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249.

# LEGAL ANALYSIS

## I.  FEDERAL CLAIMS

### A. Section 1983 Claim- Official Capacity

Sheriffs and their deputies are state officials under Alabama law. *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir.1995).  As such, a sheriff, may not be sued in his official capacity unless the state waived or Congress abrogated its Eleventh Amendment immunity. *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429 (11th Cir.1997).  Neither of these prerequisites to suit has occurred. *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1525 (11th Cir.1990).

State officials are not "persons" subject to suit under § 1983 when acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Because the suit against the defendant in his official capacity is a suit against the state, and the state has Eleventh Amendment immunity against such suits, the plaintiff may not proceed on his § 1983 claims against the defendant in his official capacity. *See Lancaster*, 116 F.3d at 1429.

### B. Section 1983 Claim- Individual Capacity

42 U.S.C. § 1983 prohibits a person, acting under color of state law, from depriving another person of his or her rights secured by the United States Constitution. *See* 42 U.S.C. § 1983.  Section 1983 creates no substantive rights on its

own, but merely provides a remedy for deprivation of federal constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir.1996). To prevail on a suit under § 1983, the plaintiff must show both a deprivation of federal rights and that said deprivation was by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992).

In the facts before this court, the plaintiff asserts that the defendant, under color of state law, violated his Constitutional rights to procedural due process and equal protection. To demonstrate that the defendant was acting under color of state law, the plaintiff must show that the defendant was acting with "authority possessed by virtue of his employment with the state." *Almand v. Dekalb County*, 103 F.3d 1510, 1513 (11th Cir.1997), *cert denied*, 522 U.S. 966, 118 S.Ct. 411, 139 L.Ed.2d 314 (1997). The court is of the opinion that promotions are clearly within the authority of the defendant by virtue of his employment with the state.[6]

*1. Statute of Limitations*

The defendant argues that various claims by the plaintiff concerning specific promotions are barred by the statute of limitations applicable to actions brought under 42 U.S.C. § 1983. Section 1983 adopts the statute of limitations applicable in the

---

[6]This is not a "failure to promote" case. Plaintiff actually received the position he sought the only time he applied for it, in spite of defendant's alleged actions. Complaint, ¶¶ 6-10.

state in which the conduct occurred. *See Lufkin v. McCallum* , 956 F.2d 1104 (11th Cir. 1992). In Alabama, that statute is two years. *See id.*; Ala.Code § 6-2-38 (2004). The plaintiff filed this action on December 12, 2005. Thus, any claim concerning violation of rights brought pursuant to § 1983 occurring before December 12, 2003, is barred. According to defendant, Jerry Fuller was appointed as Director for the Drug Task Force on January 17, 2003. Affidavit of Hill, ¶ 9. Therefore, any claim based on plaintiff's inability to compete for this position is barred. Similarly, Mark Richards was hired for the Drug Task Force on April 23, 2003, so the plaintiff may not sue for over his inability to compete for this position either. *See* affidavit of Hill, ¶ 10. Because the plaintiff failed to refute that these dates are in fact when the promotions in question occurred, the court finds no genuine issue of material fact concerning these claims. The court shall grant the defendant's motion for summary judgment on the plaintiff's claims based on these job vacancies.

Additionally, the plaintiff failed to address any basis under which the plaintiff's claim concerning the non-competitive promotion of Cris Waldrep to Criminal Investigator should be allowed to remain pending.[7]

---

[7]The sole allegation before the court is that plaintiff was prevented from applying for this position because of the non-competitive promotion by defendant. The plaintiff does not allege that he was qualified for the position, an element the plaintiff must establish to get past the defendant's motion for summary judgment.

In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Ryan v. Int'l Union of Operating Eng'rs, Local 675,* 794 F.2d 641, 643 (11ᵗʰ Cir.1986). There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. *Blue Cross & Blue Shield v. Weitz,* 913 F.2d 1544, 1550 (11ᵗʰ Cir.1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.,* 10 F.3d 1563, 1568 (11ᵗʰ Cir.1994) (citation omitted).

*Resolution Trust Corp. v. Dunmar Corp.* 43 F.3d 587, 599 (11ᵗʰ Cir.1995). *See also Iraola & CIA, S.A. v. Kimberly-Clark Corp.,* 325 F.3d 1274, 1284 (11ᵗʰ Cir.2003); *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314,1322 (11ᵗʰ Cir.2001).

### 2.  Pay and rank claims

The defendant asserts that he is entitled to qualified immunity for plaintiff's federal claims concerning reduction in pay and/or rank.  Defendant memorandum, at 4.  Qualified immunity insulates government actors, in their individual capacities, from civil lawsuits as long as the challenged discretionary conduct does not violate clearly established federal statutory or constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Lassiter v. Alabama A & M University Bd. of Trustees,* 28 F.3d 1146, 1149 (11ᵗʰ Cir.1994).  Although the defendant argues otherwise, the court finds that the law has been clearly established that "intentional discrimination in the workplace on account of race violate[s] federal

law." *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1321 (11th Cir.2000) (citations omitted).

However, even given that the law was clearly established, to overcome the defense of qualified immunity, the plaintiff must allege conditions that obviously amount to deliberate indifference to the plaintiff's constitutional rights. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir.2001). Thus, the plaintiff must allege some action *by the defendant* which caused a deprivation of his rights. The defendant argues that, while the plaintiff states that his pay and rank were reduced, he does not allege that this reduction was undertaken by the defendant.

The defendant, by affidavit, states that he was but one of the seven member Task Force Board of Directors. Affidavit of Hill, ¶¶ 4-5. The plaintiff submitted the Interagency Agreement for the Lawrence County Drug/Violent Crime Task Force.[8] *See* attachment to plaintiff's response (doc. 10). According to that document, "[a] majority vote shall be required in order for any action to pass." Exhibit at 4 of 8. The Task Force was overseen by an executive board, of which he was one of three members. Affidavit of Hill, ¶ 6. One of these two boards made all hiring, promotion

---

[8]That document is dated August 9, 2004. Plaintiff applied for the position in question in January 2004 and received the position in June 2004. No evidence is before this court that there was an Interagency Agreement in effect prior to August 9, 2004. However, solely for purposes of the pending motions, the court assumes this document was renewed from year to year, and hence a prior year's version was in effect during the relevant times.

and salary determinations and defendant has no unilateral ability to make such

decisions.  Affidavit of Hill, ¶¶ 7, 8.  The plaintiff offers no evidence to dispute that

the defendant could not unilaterally reduce the plaintiff's pay or rank.  In fact, the

Interagency Agreement specifically sets forth that The Board of Directors will decide

agents rank."

The plaintiff has failed to even assert that Hill caused the reduction in pay or

rank.  The sole evidence before this court is as follows:

> All decisions regarding hiring, promotion, and salary for the Drug Task
> Force Agents are made by the Board of Directors or the executive board
> for the Drug Task Force.
>
> I have the authority regarding hiring and promotions within the Sheriff's
> Office.  However, because the Drug Task Force is a distinct entity from
> the Sheriff's Office and is governed by the Board of Directors for the
> Drug Task Force rather than by myself, I do not have the authority to
> unilaterally make any decisions regarding hiring, promotion, or salary
> for Drug Task Force agents.

Affidavit of Hill, ¶¶ 7-8.

Therefore, the undisputed evidence before the court is that the defendant had

no authority to unilaterally reduce the plaintiff's pay or rank.  Therefore, the court

will grant the defendant's motion for summary judgment on plaintiff's claims of

11

reduction in rank and pay.[9]    The court shall dismiss the plaintiff's claims for reduction in pay and rank, based on race, as brought pursuant to §1983.

### 3.  Procedural Due Process claims

Although plaintiff asserts only that his "due process rights" were violated, in *McKinney v. Pate*, 20 F.3d 1550, 1560-1561 (11th Cir.1994), *cert. denied*, 513 U.S. 1110 (1995), the Eleventh Circuit stated that employment rights, which are non-fundamental state created rights, as opposed to fundamental rights created by the Constitution, are not entitled to substantive due process protection.  Because of this, the court only examines plaintiff's claims for procedural due process violations.

The defendant asserts that the procedural due process claims of the plaintiff are due to be dismissed because the plaintiff has no property interest in his position and the plaintiff has not alleged the absence of adequate state law remedies.  *See e.g., Cotton v. Jackson,* 216 F.3d 1328, 1330-1331 (11th Cir.2000) ("This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate

---

[9]As discussed below, the plaintiff cannot establish a property interest in his rank as Sergeant either.

fora--agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation"(citations omitted).

To prevail upon his procedural due process claim, the plaintiff must establish: (1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation. *See Lehr v. Robertson*, 463 U.S. 248, 256, 103 S.Ct. 2985, 2990-91, 77 L.Ed.2d 614 (1983); *Greenholtz v. Inmates of the Nebraska Penal and Correction Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979); *Board of Regents v. Roth*, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972).

To determine whether a property interest has been created, the court must look to state law.  *See Morely's Auto Body, Inc. v. Hunter*, 70 F.3d 1209, 1213-14 (11th Cir.1995).  The plaintiff has provided the court no basis under state law which creates a property interest in a specific employment position.  *See e.g., Silva v. Bieluch*, 351 F.3d 1045, 1047 (11th Cir.2003).  Similarly, the plaintiff has provided no evidence concerning a property interest in his pay.  He has not alleged that the rank of Agent with the Task Force was in the same pay grade as the rank of Sergeant with the

Lawrence County Sheriff's Office.  His sole allegation is that Mark Richards received a salary increase upon his placement on the Task Force.[10]  Complaint, ¶ 11.

The plaintiff asserts that the Personnel Policy Statements set forth in the Lawrence County Personnel Handbook created an implied contract, and the court would therefore assume a property interest, in his rank and pay.  Complaint, ¶¶ 19, 22, 23.  However, the submission of the "Foreword" of said Handbook by the defendant contains the following language:

> All county policies and procedures, whether explicit or implied, as contained in this personnel system are intended to be guidelines and not a contract between the county and its employees and should not be viewed as such.  They are established to assist elected officials and supervisors in making day-to-day employee decisions.

Lawrence County Personnel Manual, submitted as Exhibit B to defendant's brief in support (doc. 4).  Given the specific language in the Handbook that it is not a contract, the court is of the opinion that the plaintiff cannot prevail on his claim that it is an implied contract.  Thus, any property interest the plaintiff may have in his pay cannot arise from the Personnel Manual.

As set forth above, the court finds that the plaintiff's claim for reduction in does not arise out of any implied contract with the defendant.  Even assuming that the

---

[10]Neither party alleges that any type of pay scale existed for various positions with the Task Force.

plaintiff has some other, unalleged source of a property interest in his pay, the plaintiff has not alleged that state law remedies are inadequate to address this interest. Therefore, as to any procedural due process claim the plaintiff attempts to allege, such claim is due to be dismissed because he has failed to allege that the State does not provide adequate procedures to remedy the alleged procedural deficit, an essential element of such a claim.

The court will also dismiss any claim asserted by the plaintiff based on the Fifth Amendment, as the same is not applicable to allegations of state actions.

## II.  STATE LAW CLAIMS

The defendant argues that the state law claims against him are due to be dismissed as they are protected by sovereign immunity.  This is true for official capacity and individual capacity claims.  "Alabama grants sovereign immunity to its state executive officers pursuant to Article I, Section 14 of the Alabama Constitution of 1901.  Section 14 states that "the State of Alabama shall never be made a defendant in any court of law or equity."  "Under Alabama law, both sheriffs and deputy sheriffs are considered executive officers of the state, immune from suit under Section 14." *Tinney v. Shores,* 77 F.3d 378, 383 (11th Cir.1996).  "Under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of

sovereign immunity." *Lancaster v. Monroe County, Ala*. 116 F.3d 1419, 1430 (11th Cir.1997); *McMillian v. Johnson,* 101 F.3d 1363, 1365 (11th Cir.1996) *cert. denied.* The court shall dismiss the state law claims against the defendants.

## CONCLUSION

Having considered the foregoing, the Court **ORDERS** as follows:

1.  The defendant's motion for summary judgment on all claims brought against the defendant in his official capacity,  pursuant to § 1983, is **GRANTED**, and all such claims are **DISMISSED WITH PREJUDICE**.

2. The defendant's motion for summary judgment on all claims brought against the defendant in his individual capacity, pursuant to § 1983 is **GRANTED** and all claims are **DISMISSED WITH PREJUDICE**.

3. The defendant's motion for summary judgment is **GRANTED** on any claims asserted by the plaintiff under the Fourth and Fifth Amendments.  Said claims are **DISMISSED WITH PREJUDICE**.

4.  The defendant's motion for summary judgment on the plaintiff's state law claims for breach of contract claim and declaratory judgment are **GRANTED** and said claims are **DISMISSED WITH PREJUDICE**.

16

*Motion for Plaintiff to File Amended Complaint, or in the alternative, Motion to Remand (doc. 9)*

The plaintiff states only that "he needs an opportunity to amend his complaint to more fully state his claims..." (doc. 9).  Finding no basis set forth under which this court could fairly remand this case to state court, the plaintiff's motion for remand be and hereby is **DENIED**.

Having considered the plaintiff's motion to amend the complaint, and being of the opinion that the proposed amendments are futile as they do not assist the plaintiff in stating a claim, and the court therefore is of the opinion that said motion is due to be denied;

It is therefore **ORDERED** by the court that said motion to amend (doc. 9) be and hereby is **DENIED**.

**DONE** and **ORDERED** this the 7th  day of March, 2006.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE